**Eddie YOUNG, Plaintiff—Appellant,**

v.

**R. MANDSVILLE; et al., Defendants—Appellees.**

**No. 04–15416.**

**D.C. No. CV–01–02360–LKK/GGH.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 14, 2005.

Eddie Young, Corcoran, CA, pro se.

Constance Picciano, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Defendants–Appellees.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Eddie Young, a California state prisoner, appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action alleging prison officials violated his due process rights during prison disciplinary hearings which resulted in his placement in administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim. *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir.2003). We vacate and remand.

The district court improperly dismissed this action under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because success on the merits of Taylor's challenge would not affect the length of his incarceration. *See Ramirez*, 334 F.3d at 859 (holding prison disciplinary convictions resulting in placement in administrative segregation but not affecting the length of sentence are properly challenged in a 42 U.S.C. § 1983 action); *see also Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir.1999) ("failure to file an amended complaint is not the disobedience of a court order dismissing a complaint with leave to amend where the original dismissal was erroneous").

In light of our decision we decline to consider Taylor's contentions relating to his request for injunctive relief.

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).